
# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | |
| COLUMBIA MANUFACTURING, INC. d/b/a Columbia Onion, | Case No. 16-00898-FPC11 |
| WAHLUKE PRODUCE, INC., | Case No. 16-00899-FPC11 |
| TATOES, LLC, | Case No. 16-00900-FPC11 |
| Debtors. | **FINDINGS OF FACT & CONCLUSIONS OF LAW RE: CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION** |

FINDINGS OF FACT &
CONCLUSIONS OF LAW                -1-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

16-00900-FPC11    Doc 465    Filed 07/14/17    Entered 07/14/17 14:04:38    Pg 1 of 15

This matter came on for hearing on July 13, 2017 on the request of Columbia Manufacturing, Inc. d/b/a Columbia Onion, Wahluke Produce, Inc. and Tatoes, LLC (collectively **"Debtors"**) for confirmation of the Debtors' proposed Plan of Reorganization (**"Plan"**) (Columbia Docket No. 256, Wahluke Docket No. 273 Tatoes Docket No. 449). The Court has considered the Declaration of Del Christensen as well as any testimony elicited or proffered without objection at the confirmation hearing. The only creditor or party in interest that filed an objection to confirmation of the Plan was the Unsecured Creditors Committee. Based upon the evidence, the Court hereby finds and concludes as follows:

*I.  Findings of Fact*

1. The Debtors gave proper notice of their Plan and the hearing on confirmation of the Plan to creditors and parties in interest as required by FRBP 2002, LBR 2002-1 and LBR 3018-1 as well as other applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Proof of service of such notice has been filed with the Court (Columbia Docket No. 258, Wahluke Docket No. 275, Tatoes Docket No. 451).



**FINDINGS OF FACT &
CONCLUSIONS OF LAW**  -2-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

2. The following classes of claims are impaired under the Plan:

| | |
|---|---|
| Class 3: | Secured Claims of RAF |
| Class 4: | Secured Claims of Saddle Mountain Supply |
| Class 5: | Secured Claims of Windflow Fertilizer |
| Class 6: | Secured Claims of Ally Bank |
| Class 7: | Secured Claims of Ford Motor Credit |
| Class 8.1: | Claims of Deere & Company and Deere Credit, Inc. |
| Class 8.2 | Lease Claims of Deere & Company |
| Class 9: | Unsecured Claims – Administrative Convenience |
| Class 10: | Unsecured Claims – Wahluke Creditors |
| Class 11: | Unsecured Claims – Columbia Creditors |
| Class 12: | Unsecured Claims – Tatoes Creditors |

3. The Debtors have properly filed a Report of Balloting and Ballot Summary in each of their cases. The Report of Balloting and Ballot Summaries indicate that:

    3.1    Class 3 has voted in favor of the Plan in each of the Debtors' cases;

    3.2    Class 4 did not vote for or against the Plan in the Tatoes, LLC case;

    3.3    Class 5 has voted in favor of the Plan in the Tatoes, LLC case;

    3.4    Class 6 did not vote for or against the Plan in the Tatoes, LLC case;

FINDINGS OF FACT &
CONCLUSIONS OF LAW   -3-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

16-00900-FPC11   Doc 465   Filed 07/14/17   Entered 07/14/17 14:04:38   Pg 3 of 15

3.5 Class 7 did not vote for or against the Plan in the Tatoes, LLC case;

3.6 Class 8.1 did not vote for or against the Plan in the Tatoes, LLC case;

3.7 Class 8.2 did not vote for or against the Plan in the Tatoes, LLC case;

3.8 One Hundred Percent (100%) of the votes cast in Class 9 voted for the Plan in the Columbia Case. No Class 9 claimants voted for or against the Plan in the Wahluke or Tatoes cases.

3.9 One Hundred Percent (100%) of the votes cast in Class 10 voted for the Plan.

3.10 One Hundred Percent (100%) of the votes cast in Class 11 voted for the Plan.

3.11 One Hundred Percent (100%) of the votes cast in Class 12 voted for the Plan.

4. No ballots other than those identified in the Report of Balloting and Balloting Summary have been received by the Debtors.

FINDINGS OF FACT & CONCLUSIONS OF LAW -4-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

16-00900-FPC11    Doc 465    Filed 07/14/17    Entered 07/14/17 14:04:38    Pg 4 of 15

5. One Hundred Percent of the creditors casting votes in Class 3, Class 5, Class 9, Class 10, Class 11 and Class 12 voted in favor of the Plan. No Class of creditors rejected the Plan.

6. The Plan has been accepted in writing by at least one non-insider class of impaired creditors, as required by 11 U.S.C. §1129(a)(10).

7. The Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.

8. No creditor or party in interest has objected to confirmation of the Plan. Pursuant to FRBP 3020(b)(2), the Court finds the Plan has been proposed in good faith and not by any means forbidden by law.

9. All payments made or promised by the Debtors under the Plan for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court. No party is issuing securities or acquiring property under the Plan.

10. Prior to filing of the Debtors' bankruptcy petitions, all of the Debtors were owned one hundred percent (100%) by Del & Daneen



**FINDINGS OF FACT &
CONCLUSIONS OF LAW** -5-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

Christensen. After confirmation of the Plan, Columbia Manufacturing, Inc. and Wahluke Produce, Inc. will be merged into Tatoes, LLC, which shall become the Reorganized Debtor under the Plan. The Reorganized Debtor will be owned one hundred percent (100%) by Del & Daneen Christensen (See Treatment of Class 14 Claim at pg. 40 of Plan).

11. After confirmation, the Reorganized Debtor intends to continue employing the insiders who are described in Exhibit 12 to the Debtors' approved 2nd Amended Disclosure Statement. The compensation for such insiders is disclosed in paragraph 3.8 of the Plan.

12. With respect to each impaired class of claims described in the Plan, the Plan will pay such claimants one hundred percent (100%) of the principal balance of such claims, with interest, over time, as more specifically described in the Plan.

13. The Debtors have prepared a liquidation analysis, which is attached to the Debtors' approved Disclosure Statement. The liquidation analysis demonstrates that in the event the Debtors were liquidated, as opposed to reorganizing pursuant to the terms of the Plan, that creditors in



FINDINGS OF FACT & CONCLUSIONS OF LAW  -6-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

Classes 4-12 would, more likely than not, receive less than one hundred percent (100%) of the amount of their allowed claims.

14. The Court finds that creditors in Classes 4-12 will receive more under the Debtors' Plan than they would receive if the Debtors were liquidated pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

15. Administrative Claimants in Class 1 will be paid in cash either: (a) upon the Effective Date of the Plan (unless any particular Claimant agrees upon a different or less favorable treatment); or (b) upon approval of such administrative claimants' fees and costs as required by applicable Bankruptcy law. Such treatment complies with the requirements of 11 U.S.C. §1129(a)(9)(A).

16. Other than Class 1 Administrative Creditors, the Debtors do not have any creditors with claims pursuant to 11 U.S.C. §507(a).

17. The Debtors' approved Disclosure Statement describes the Debtors' proposed operations under the Plan. No creditor or party in interest has objected to the feasibility of the Debtors' projected operations under the Plan. The Court finds that it is more likely than not that: (a) the Debtors' Plan is feasible; and (b) confirmation of the Plan will not be followed by a



**FINDINGS OF FACT & CONCLUSIONS OF LAW** -7-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

16-00900-FPC11   Doc 465   Filed 07/14/17   Entered 07/14/17 14:04:38   Pg 7 of 15

liquidation of the Debtors. The feasibility of the Debtors' Plan is further supported by the Debtors' operations during the course of the case (as evidenced by the Debtor's monthly operating statements on file with the Court).

18. Classes 1, 2, 13 and 14 are unimpaired or not entitled to vote on the Plan.

19. The Debtors are current in the payment of the quarterly fees payable to the United States Trustee. The Plan provides for the payment of all United States Trustee fees payable under 28 U.S.C. §1930.

20. All payments to insiders of the Debtors during the course of the case have been disclosed.

21. Classes 4, 6, 7, 8.1 and 8.2 **("Non-Voting Classes")** have neither accepted nor rejected the Plan. As a result, the Plan does not comply with 11 U.S.C. §1129(a)(8). The Non-Voting Classes, with the exception of Class 8.2 are secured creditors. The Court finds that the treatment of the Non-Voting Classes under the Plan is fair and equitable for the following reasons:

FINDINGS OF FACT &
CONCLUSIONS OF LAW            -8-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

16-00900-FPC11    Doc 465    Filed 07/14/17    Entered 07/14/17 14:04:38    Pg 8 of 15

21.1  The Plan provides that creditors in the Non-Voting Classes will retain any security which secures such creditors' claims until such claims have been paid in full;

21.2  The Plan provides for the payment of one hundred percent (100%) of the principal amount of such claims in the Non-Voting Classes over time; and

21.3  The Plan provides for interest payments to holders of claims in the Non-Voting Classes until such claims have been paid in full in accordance with the terms of the Plan.

22.  The Effective Date of the Plan is the day that is fourteen (14) days after the date the order confirming the Plan is entered on the Court's docket.

23.  Substantial Consummation of the Plan will occur upon the making of the first payment to a creditor in Class 3 – Class 12 according to the terms of the Plan.

24  The modification of the Plan as a result of the language added to the order confirming the Plan set forth below in Paragraph U. is not a material

FINDINGS OF FACT &
CONCLUSIONS OF LAW     -9-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

modification of the Plan and does not require additional notce or solicitation of the Plan again.

*II. Conclusions of Law*

Based upon the foregoing findings of fact, the pleadings filed in this case and the testimony and other evidence provided at the confirmation hearing, the Court concludes that:

A.  The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. §1129 have been met.

B.  The Plan should be confirmed.

C.  To the extent that the above entered findings of fact are, in fact, conclusions of law, such findings are hereby incorporated into these conclusions of law and should be denominated as such.

D.  The provisions of Chapter 11 have been complied with and the Plan has been proposed in good faith and not by means forbidden by law.



E.  Any and all payments for which Bankruptcy Court approval is required, including authorization required by 11 U.S.C. §§327 and 330, shall remain subject to Bankruptcy Court approval notwithstanding confirmation of the Plan.

F.  The Debtors have disclosed the identity and affiliations of all parties who are to serve as officers and directors under the Plan. The Debtors have disclosed the identity of all insiders who will be paid a salary or consulting fees under the Plan. The Debtors' disclosures satisfy the requirements of 11 U.S.C. §1129(a)(5).

G.  No governmental regulatory commission is required to approve the Plan or the terms of the Plan.

J.  The Debtors' Plan satisfies the requirements of 11 U.S.C. §1129(a)(7) in that each impaired class that has not accepted the Plan will receive value, as of the Effective Date of the Plan, that is not less than the amount such claimant would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

K.  The only Classes entitled to vote on the Plan who have not accepted the Plan are the Non-Voting Classes. However, the Plan is fair and

FINDINGS OF FACT &
CONCLUSIONS OF LAW          -11-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

16-00900-FPC11    Doc 465    Filed 07/14/17    Entered 07/14/17 14:04:38    Pg 11 of 15

equitable with respect to the treatment of the Non-Voting Classes pursuant to 11 U.S.C. §1129(b)(2)(A). As a result, the Plan can be confirmed notwithstanding the provisions of 11 U.S.C. §1129(a)(8).

L.  Administrative Claims described by 11 U.S.C. §503(b) and 11 U.S.C. §507(a)(2) are provided for as required by 11 U.S.C. §1129(a)(9).

M.  At least one impaired class of claims has accepted the Plan and the Plan therefore meets the requirements of 11 U.S.C. §1129(a)(10).

N.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors.

O.  The Effective Date of the Plan will be the date that is fourteen (14) days following entry of the order of confirmation on the Court's docket.

P.  The Debtors are authorized and directed to begin consummation of the Plan on the Effective Date, including through the execution, ratification, and implementation of all loan and security documents authorized or contemplated by the Plan.

Q.  Substantial Consummation of the Plan will occur upon the making of the first payment to a creditor in Class 3 – Class 12 according to the terms of the Plan.



BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

R. The loan and security documents contemplated by the Plan concerning the restructuring of the Debtors' obligations to Rabo AgriFinance, LLC, shall be, and they are, hereby approved by the Court in all of their particulars.

S. The RAF Plan Claim Amount and the RAF Set Aside Claim Amount, both of which are set forth in the *Rabo AgriFinance, LLC's Claim Amount Plan Supplement* (the "**RAF Claim Supplement**") filed with the Court in each of the Debtors' cases on July 7, 2017 (Columbia Docket 263, Wahluke Docket 280, and Tatoes Docket 455), shall be, and they hereby are, approved, and those amounts (subject to adjustment as described in the RAF Claim Supplement) shall jointly constitute the amount of RAF's Allowed Secured Claim as of the Effective Date.

T. Creditors and parties in interest were given proper notice of the confirmation hearing.

U. The Objection to confirmation of the Plan filed by the Unsecured Creditors Committee was addressed by the Debtors adding the following immaterial language to the order confirming the Plan, which order has been



**FINDINGS OF FACT & CONCLUSIONS OF LAW** -13-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

agreed to by the Unsecured Creditors' Committee, and which does not require additional notice or solicitation of the Plan again:

9. The Unsecured Creditor's Committee (**"Committee"**) has filed an objection to confirmation. The objection of the Committee is hereby resolved as follows:

9.1 Notwithstanding anything to the contrary in the Plan, in the event the Reorganized Debtor: (a) files a motion to seek Court approval to invoke the crop failure provisions contained paragraph 8.3 of the Plan; (b) defaults under the terms of the Plan; or (c) proposes a material modification to the Plan, any unsecured creditor or the United States Trustee may file a motion to reconstitute the Creditors' Committee for purposes of dealing with such matters. The Court specifically retains jurisdiction to rule upon such a request to reconstitute the Committee, which request may include a request for the reconstituted Committee to retain legal counsel or other professionals to assist the Committee.

V. With the addition of the language described in paragraph U., above, the objection to confirmation of the Unsecured Creditors Committee is hereby withdrawn.

/ / / End of Order / / /

Presented By:

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT & CONCLUSIONS OF LAW** -14-

        /s/ Roger W. Bailey
ROGER W. BAILEY (WSBA 26121)
JOSHUA J. BUSEY (WSBA 34312)
Bailey & Busey PLLC
Counsel for Wahluke Produce, Inc.


        /s/ Paul H. Williams
Paul H. Williams (WSBA 31684)
Law Offices of Paul H. Williams
Counsel for Tatoes, LLC


        /s/ James P. Hurley
James P. Hurley (WSBA 6615)
Hurley & Lara
Counsel for Columbia Onion

\\Diane-pc1\e\USB 3.0 PC Card Adapter\WAHLUKE PRODUCE-355\Bankruptcy\Pleadings\Plan Documents\Findings of Fact & Conclusions of Law - 071017 - v.5- agreed.doc



**FINDINGS OF FACT & CONCLUSIONS OF LAW** -15-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282